955 F.2d 764
 293 U.S.App.D.C. 436
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Daryl V. SMITH, Appellant.
 No. 90-3111.
 United States Court of Appeals, District of Columbia Circuit.
 March 4, 1992.
 
 Before BUCKLEY, D.H. GINSBURG and SENTELLE, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the District Court and on the briefs and oral argument of counsel. The Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 Daryl Smith appeals from his conviction for distribution of cocaine. He contends that the trial judge limited impermissibly Smith's cross-examination of his co-defendant, thereby violating Smith's Sixth Amendment right to confront witnesses. We have repeatedly held in this Circuit that trial judges are "necessarily entrusted with a large measure of discretion to control the introduction of evidence," and that they may therefore curtail cross-examination when it strays into matters "relevant only to an affirmative defense" not brought out in direct testimony. Baker v. United States, 401 F.2d 958, 987 (D.C.Cir.1968); see also United States v. Stamp, 458 F.2d 759, 773 (D.C.Cir.1971) ("The court here was quite correct in not allowing the defense to cross-examine [the government witness] with respect to matters only relative to an affirmative defense and not brought into the case on direct."); United States v. Sampol, 636 F.2d 621, 664 (D.C.Cir.1980) (discussing Baker and Stamp and holding: "Since the stated purpose of [the defendants' cross] was to establish what counsel considered to be an affirmative defense, the trial judge was free to demand that [defendants] call their own witnesses to present it."). Smith, who presented no evidence of his own, was admittedly trying to establish an alibi defense in his cross-examination of his co-defendant. Consistent with our precedent, we hold that the trial judge did not abuse his discretion by sustaining the government's objection to this line of questioning. It is therefore
 
 
 3
 Ordered and Adjudged that the conviction is affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).